UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

RUTHLYNN REBECCA RENNOCK-WITTER

vs.

BI-LO HOLDINGS, LLC;
WINN DIXIE STORES, INC.; and
SOUTHEASTERN GROCERS, LLC
_____/

## OVERTIME PAY COLLECTIVE ACTION AND WRONGFUL TERMINATION COMPLAINT, WITH REQUEST FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Ruthlyn Rennock-Witter alleges that Defendants failed to pay her and similarly situated employees all overtime pay they were owed, by requiring them to work off the clock. Her action for overtime pay has been brought, for herself and similarly situated employees of Defendants, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Plaintiff also alleges that her employment was unlawfully terminated because she repeatedly complained about under-compensation resulting from off-the-clock work, in violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215.

### JURISDICTION AND VENUE

3. Defendants have transacted business in the Southern District of Florida, specifically in Broward County.

4. Most or all of the acts complained of herein occurred at Defendants' offices in this District.

5. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

6. This Court has federal question/"arising under" jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA, the CRA, and the ADEA.

7. The conditions precedent to filing this action, if any, have been satisfied.



1

## PARTIES

8. Plaintiff is a person of the full age of majority and a resident of Broward County, Florida.
9. At all relevant times herein, Plaintiff and similarly situated employees of Defendants were jointly employed by all Defendants.
10. Defendant **Bi-Lo Holdings, LLC** ("Bi-Lo") is an active foreign limited liability company, authorized to do business in Florida, and at all material times herein conducted business in Broward County, Florida. Its principal address is 5050 Edgewood Court, Jacksonville, Florida 32254.
11. At all material times herein, Bi-Lo has conducted business throughout Florida.
12. At all material times herein, Bi-Lo has operated the store in which Plaintiff worked.
13. At all material times herein, Bi-Lo has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer under the FLSA.
14. At all material times herein, Bi-Lo has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.
15. At all material times herein, Bi-Lo has acted directly or indirectly in the interest of Bi-Lo in relation to Plaintiff and similarly situated employees, and has directed its business activities, and hence is an employer under the FLSA.
16. Defendant **Winn Dixie Stores, Inc.** ("Winn Dixie") is an active Florida profit corporation, authorized to do business in Florida, and at all material times herein conducted business in Broward County, Florida. Its principal address is 5050 Edgewood Court, Jacksonville, Florida 32254.
17. At all material times herein, Winn Dixie has conducted business throughout Florida.
18. At all material times herein, Winn Dixie has operated the store in which Plaintiff worked.
19. At all material times herein, Winn Dixie has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer under he FLSA.
20. At all material times herein, Winn Dixie has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.

21. At all material times herein, Winn Dixie has acted directly or indirectly in the interest of Winn Dixie in relation to Plaintiff and similarly situated employees, and has directed its business activities, and hence is an employer under the FLSA.
22. Defendant **Southeastern Grocers, LLC** ("Southeastern") is an active Florida profit corporation, authorized to do business in Florida, and at all material times herein conducted business in Broward County, Florida. Its principal address is 5050 Edgewood Court, Jacksonville, Florida 32254.
23. At all material times herein, Southeastern has conducted business throughout Florida.
24. At all material times herein, Southeastern has operated the store in which Plaintiff worked.
25. At all material times herein, Southeastern has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence was their employer under he FLSA.
26. At all material times herein, Southeastern has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.
27. At all material times herein, Southeastern has acted directly or indirectly in the interest of Winn Dixie in relation to Plaintiff and similarly situated employees, and has directed its business activities, and hence is an employer under the FLSA.
28. At all material times herein, all Defendants were joint employer of Plaintiff and similarly situated employees, whose job duties render them non-exempt under the FLSA.
29. Bi-Lo is the parent company of Winn Dixie, and recently changed its name to Southeastern Grocers.
30. All Defendants jointly operate grocery stores in Florida, including the grocery stores in which Plaintiff and similarly situated employees work.

**FACTS**

31. Plaintiff worked as a full-time associate in Defendants' store # 209 (Palm-Johnson Plaza).
32. Plaintiff worked in department "10/retail/deli."
33. Like other employees in the store, Plaintiff, with Defendants' knowledge, routinely worked "off-the-clock" hours, including hours worked before the "regular" work day began, during lunch and other "breaks," and after the "regular" work day ended.

3

34. Plaintiff was employed for approximately 16 years.
35. Plaintiff repeatedly complained to one or more supervisors that she was not paid for off-the-clock hours, and that she was being short-changed wages and overtime pay.
36. Soon after the last such complaint, her hours were cut, and then she was fired   July 16, 2014.

## COUNT 1 OF 2:
## OVERTIME PAY COLLECTIVE ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers the allegations of paragraphs 1-36 as if fully set forth herein.
38. Pursuant to 29 U.S.C. § 207, Defendants were required to pay Plaintiff and similarly situated employees overtime compensation for all hours over 40 in a workweek.
39. Plaintiff and similarly situated employees worked over 40 hours in one or more workweeks, without being paid all overtime pay to which they were entitled.
40. Defendants' violations of the FLSA were reckless or intentional.
41. Plaintiff and similarly situated employees are entitled to all damages in the premises from Defendants, and request that judgment be entered in their favor and against Defendants for all overtime pay, liquidated damages, interest, costs and attorneys' fees.

## COUNT 2 OF 2:
## WRONGFUL TERMINATION; FLSA RETALIATION

42. Plaintiff realleges and reavers the allegations of paragraphs 1-36 as if fully set forth herein.
43. Defendants' termination and reduction of hours in/of Plaintiff's employment was motivated, in part and unlawfully, by retaliation against her for objecting to Defendants' unlawful wage and hour practices, in violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215.
44. Plaintiff seeks all damages in the premises from Defendants, and requests that judgment be entered in her favor and against Defendants, including, but not limited to, all relief necessary to make the employee whole, back pay, front pay, liquidated damages, interest on the back pay, compensation for any special damages sustained as a result of the retaliation, including litigation costs and reasonable attorneys' fees.

\* \* \*

45. Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted:

s/ Steven F. Grover

---

Steven F. Grover (131296)
For Steven F. Grover, PA
Wells Fargo Tower
One East Broward Blvd., Ste. 700
Fort Lauderdale, FL 33301
Tel.: 954-356-0005
E-mail: stevenfgrover@gmail.com
*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that I have served a copy of the above document upon all counsel of record by CM/ECF on this JULY 14, 2016.

s/ Steven F. Grover

---
Steven F. Grover

Witter.Complaint.031716